HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and LOCAL 21, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Plaintiffs,<br><br>v.<br><br>MARK S. NELSON, Sheriff of Cowlitz County in his official and individual capacity; JIM DUSCHA, City of Longview Police Chief in his official and individual capacity; COWLITZ COUNTY, a county of the State of Washington; CITY OF LONGVIEW, a municipal corporation; and DOES 1–100,<br><br>Defendants. | No. 11-cv-5767 RBL<br><br>ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND<br><br><br><br>[Dkts. #24, 32] |

Plaintiff, a longshoreman's labor union, alleges that Defendants "initiated a campaign harassment" in response to union members' picketing at the Port of Longview. (*See* Compl. ¶ 1 (Dkt. #1).) Defendants Sheriff Mark Nelson and Cowlitz County have moved to dismiss, arguing that the Complaint fails to identify which specific acts are attributable to specific Defendants and fails to identify specific policies or practices on which liability is premised. (*See* Defs.' Mot. to Dismiss at 2–3 (Dkt. #24).) Because the Complaint contains sufficient factual allegations to support its causes of action, the Court denies the motion to dismiss.

Plaintiff also requests leave to amend the Complaint to include as Defendants Charles Rosenzweig, the Cowlitz County Sheriff's Office Chief Criminal Deputy, and Susan Baur, the

Order - 1

Cowlitz County Prosecuting Attorney. For the reasons stated below, the Court grants leave to amend.

## I. BACKGROUND

In the early summer of 2011, union members began picketing at the Port of Longview as part of a labor dispute with Export Grain Transport. (Pl.'s Resp. at 1 (Dkt. #25).) Tensions rose in September when union members engaged in acts of trespass and property damage. *Id.*; *see also Ahearn v. ILWU Local 21*, No. 11-cv-5684-RBL. Following those events, it appears authorities issued misdemeanor citations and warrants for a number of union members, and the arrests pursuant to those misdemeanor charges give rise to conduct alleged here. Plaintiff alleges that Defendants:

> initiated a campaign of harassment, assault and intimidation against the ILWU, its officers and members in an effort to terrorize them and their supporters into silence, to retaliate against their public actions, to improperly support and aid EGT in its labor dispute with ILWU, for personal retribution, and to impose Defendants' own measure of punishment (by means of excessive and unwarranted brutal arrest procedures) for perceived "crimes" without due process of law.

(Compl. ¶ 1.) The Complaint states that Defendants "held meetings and discussions with employees, attorneys, agents, and representatives of EGT regarding the law enforcement response to the ILWU's picketing and protest activities." *Id.* ¶ 19. Plaintiff alleges that pursuant to policies created in part by Mr. Nelson, on behalf of Cowlitz County, officers engaged in tactics that Plaintiff asserts violate constitutional protections. These tactics include refusing to arrest union members that presented themselves peacefully; rather, using excessive force in later public arrests. *Id.* ¶¶ 20–34. The Complaint contains specific examples: that officers arrested a union member, took him to his child's school, and re-arrested him in front of his wife and child, *id.* ¶ 29; that officers "slam[med]" a handcuffed union member into a car and a wooden fence, *id.* ¶ 23; that officers pulled back the eyelids of union members and sprayed mace into their eyes, *id.* ¶ 34; amongst others. Plaintiff states that numerous union members presented themselves for arrest on September 16th at the Cowlitz County Sheriff's Department, but that officers refused to make arrests, only to pursue certain members for arrest hours later. *Id.* ¶ 31–33.

Plaintiff alleges that in response to these tactics, the Union repeatedly offered to provide its members for arrest and that Mr. Nelson "refused and defended the policies and practices . . . and declared that such policies and practices would continue . . . ." *Id.* ¶ 28.

## II. DISCUSSION

A complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. *See, e.g.*, *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783,785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Id.* at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

### A. Section 1983 Claims Against Sheriff Nelson

Plaintiff asserts claims for constitutional violations of the First, Fourth, and Fourteenth Amendments under 42 U.S.C § 1983. Section 1983 provides the right of action for constitutional violations:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. For a municipal entity to incur liability, a plaintiff must show that the entity's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. New York City Dept. of*

*Social Servs.*, 436 U.S. 658, 694 (1978). Further, plaintiffs may recover against supervisors in § 1983 suits when "culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). While law does not impose vicarious liability, a supervisor may be held liable for his "acquiescence in the constitutional deprivations of which the complaint is made" or "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1206 (quoting *Larez v. City of Los Angeles*, 906 F.2d 630 (9th Cir. 1991)). Relevant to the current motion, the Supreme Court has explained in *Iqbal* that in order to state a § 1983 claim, a plaintiff must plead that "each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. But, the Ninth Circuit has clarified that "nothing in *Iqbal* indicat[es] that the Supreme Court intended to overturn longstanding case law on deliberate indifference claims against supervisors . . . ." *Starr*, 652 F.3d at 1207.

In this case, the Union has adequately pled its causes of action against Mr. Nelson. Defendants argue that the Complaint "points out a single specific allegation that Defendant Sheriff Nelson declined to make arrests on a particular day and supported unspecified policies and procedures." (Defs.' Reply at 5.) Because the Complaint lacks specificity, argues Defendant, the claims should be dismissed. But in addition to the allegation listed by Defendant, the Complaint states that Sheriff Nelson, in response to an offer on September 14 by union members to peacefully surrender for arrest, emailed the union and "defended the policies and practices described [in the Complaint] and declared that such policies and practices would continue . . . ." (Compl. ¶ 28.) The Court knows of no law suggesting that a cause of action cannot be sustained on a single allegation.

Moreover, the Court must reject Defendants' argument that the policies and procedures alleged by Plaintiff are "unspecified." Plaintiff alleges a series of incidents that could arguably been seen as a custom, pattern, or policy endorsed by Sheriff Nelson. The Complaint lists a number of incidents within a narrow span of time (September 11–21, 2011), apparently targeting an identifiable group (union members), by government officials (Cowlitz County and City of Longview officers), which if true, could sustain constitutional claims. These allegations

constitute the basic elements of proper notice pleading. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (2008) (noting that where a complaint lists allegations against government actors in their individual capacities, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state" (citing *Twombly*, 127 S. Ct. at 1970–71) (emphasis in original)).

**B. Section 1983 Claims Against Cowlitz County**

Cowlitz County argues that the Complaint contains only conclusory allegations and formulaic recitations of the causes of action. (Defs.' Mot. to Dismiss at 8.) In short, the County argues that Plaintiff has failed to specify the custom or policy at issue.

A municipality may be liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . ." *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 452 (2010) (quoting *Monell*, 436 U.S. at 690)). The municipality may be liable "even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* Even in the absence a formal policy, municipal liability attaches where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

Here, the Complaint sufficiently pleads a policy attributable to Cowlitz County. The County has not suggested that anyone other than Sheriff Nelson formed the policies alleged, or that Sheriff Nelson what not an "official responsible for establishing final policy." Rather, the County argues simply that the Complaint fails to identify the policy in question. The Complaint, however, makes clear that the policy alleged is a series of excessive-force arrests against union members in the wake of picketing at the Port of Longview. Plaintiff alleges that Nelson refused to arrest union members who presented themselves, instead opting to use unconstitutional methods execute misdemeanor warrants. At this juncture, the Court must assume the facts pled

are true, *Iqbal*, 129 S. Ct. at 1949, and the facts presented here are sufficient to state a claim for municipal liability.

### C. First-Amendment Claim

In their Reply, Defendants broaden the scope of their motion to dismiss by attacking the sufficiency of Plaintiff's first-amendment claim, an argument not presented in the original motion. Because Plaintiff has not had the opportunity to respond, the Court gives the argument short shrift.

Defendants argue that the Complaint fails to allege that any of the actions above were "motivated by hostility to union speech, and that defendants acted to retaliate for such speech." (Defs.' Reply at 6.) The Complaint states Sheriff Nelson deliberately pursued a policy of excessive force against union members in the wake of the EGT protests. The misdemeanor citations and subsequent arrests are direct results of those protests. Given that link, the Court cannot agree that the Complaint fails to tie the allegations of excessive force to the exercise of union members' first-amendment rights.

### D. Leave to File First Amended Complaint

Plaintiff seeks leave to amend its Complaint, adding as defendants Deputy Sheriff Charles Rosenzweig and Prosecuting Attorney Susan Baur.

Under Federal Rule 15, a party may amend its pleading once within 21 days of service or 21 days after a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Beyond that, a party may amend only with written consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). A court should grant leave "freely . . . when justice so requires," and that policy is "to be applied with extreme liberality." *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). The Supreme Court has advised lower courts to consider undue delay, bad faith, dilatory motives, repeated failures to cure deficiencies, futility, undue prejudice, for any other factor it deems important to the calculus. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has repeatedly clarified that prejudice must weigh most heavily in the determination. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).

Indeed, prejudice is the "touchstone of the inquiry under rule 15(a)." *Id.* (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice")). But, a district court may properly deny leave to amend where futile. *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, the Amended Complaint adds allegations that Mr. Rosenzweig and Ms. Baur helped formulate the policy and procedures listed above, which Plaintiff argues violate the constitutional rights of its members. Plaintiff lists emails and communications between the parties regarding the policies at issue. While Defendant has valid concerns regarding the sufficiency of the evidence, those questions are properly left to the summary judgment phase.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the motion to dismiss (Dkt. #24) and **GRANTS** the motion for leave to amend (Dkt. #32).

Dated this 16th day of April 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE