HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION and LOCAL 21, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,<br><br>Plaintiff,<br><br>v.<br><br>MARK S. NELSON, et al,,<br><br>Defendants. | CASE NO. C11-5767RBL<br><br>ORDER EXCLUDING TESTIMONY OF VAN BLAIRCOM<br><br>[Dkt. #59] |

THIS MATTER is before the Court on Defendants' Motion in Limine to Exclude the Expert Testimony of D. P. Van Blaricom [Dkt. #59].   The case arises out of a series of labor disputes and protests in Longview, related to the Union's claimed right to staff the new EGT grain terminal.  After several of these protests, various union members were arrested on a variety of charges related to their protest activity.  The Union (and its Local) sued,[1] claiming that the arrests infringed on their First and Fourth Amendments, as well as similar claims under the

---

[1] The Defendants are Cowlitz County, Sherriff Mark Nelson, Chief Deputy Charles Rosenzweig, Prosecutor Susan Bauer, the City of Longview, and Longview Police Chief Jim Juscha.

Washington Constitution and the common law. The gist of their claims is that they were arrested in a punitive fashion, in retaliation for their protest activities.

Pursuant to this Court's January 16, 2012 Minute Order [Dkt. #29], the disclosure of expert testimony under FRCP 26(a)(2) was due September 5, 2012. On that date, Plaintiffs served their Expert Witness Disclosure identifying "Chief D. P. Van Blaricom" as an expert witness. Plaintiffs provided a "Summary of Qualifications" for Mr. Van Blaricom, and indicated that "In light of the stipulated First Amended Complaint, his Rule 26 report is forthcoming." [Decl. of Donald L. Law, Exh. 1.]

After an agreed extension, Plaintiffs served Mr. Van Blaricom's FRCP 26(a)(2)(B) report on October 5, 2012. Mr. Van Blaricom's report indicates that he was retained on September 5, the deadline for expert disclosure. In preparation for opining on the case, Mr. Van Blaricom reviewed the Plaintiffs' First Amended Complaint, the Motion in Opposition for Leave to Amend Complaint, the Order Denying Motion to Dismiss and Granting Leave to Amend, Declarations of Sheriff Mark Nelson and Chief Criminal Deputy Charles Rosenzweig, various sections of the Clark County Sheriff's Office Policy Manual, and various sections of the National Law Enforcement Police Center Model Policies.

Mr. Van Blaricom did not review any depositions, any police or incident reports, any witness statements, any discovery responses, or any investigation materials of any kind.

Based on his review, Mr. Van Blaricom's Report purports to opine that the arrests at issue were punitive and disparate from the usual practice. He specifically proposes to testify that:

- Based upon my training, experience and a careful evaluation of the totality of circumstances in this matter, it is my considered professional opinion that, if the fact finder credits plaintiffs' allegations, *they were victims of punitive and disparate treatment*.

- The chief policy makers of CCSO and LPD appear to have made a *conscious decision to actively and aggressively interfere* with the well-established rights of plaintiffs to conduct picketing during a labor dispute.

- The afore described abrupt change in practice, from issuing summons on the picket line to conducting full custody warrant arrests of targeted union officials away from the picket line, was *punitive and disparate per se*, under the totality of these circumstances[.]

[Dkt. #60, Ex. 2] (All emphasis added).

The Defendants seek to exclude this testimony, arguing that it does not meet the necessary standards of evidentiary reliability under Fed. R. Ev. 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  The parties cannot and do not seriously dispute that the touchstone for admissibility of expert opinion evidence is whether it will be helpful to the jury. And it is well established that expert testimony that merely tells the jury what the outcome should be is not helpful, and is not admissible. *See United States v. Duncan*, 42 F.3d 97, 101 (2nd Cir. 1994).

The italicized portions of Mr. Van Blaricom's proposed opinion testimony, above, demonstrate why his testimony is not helpful, and why it is therefore not admissible.  Mr. Van Blaricom essentially proposes to tell the jury that the Plaintiffs were in fact victims of "punitive and disparate arrests" —which is the very question that will ultimately be asked of them.

He purports to opine that the Defendants "made a conscious decision to actively and aggressively interfere."  But he has no basis, whatsoever, for opining about the subjective motivations of people he has not met; indeed, he has not even reviewed the depositions of the people whose motivations he wants to explain to the jury.  This testimony is not admissible under Rule 702, and the Court does not need to do a *Daubert* analysis to so determine.

[DKT. #59] - 3

1  Finally, Mr. Van Blaricom seeks to opine that that under the totality of the circumstances, the Defendants' conduct was "punitive and disparate per se." It is not entirely clear what this phrase means, in the context of the Plaintiffs' claims in this case, but Mr. Van Blaricom's proffered testimony is again an attempt to tell the jury what the outcome of the case should be. It is not helpful and it is not admissible.

Mr. Van Blaricom's proposed expert testimony is an attempt to insert himself into the question of motive: why the police officers arrested the union representatives. That is not a proper subject for expert testimony. The labor dispute in this case involved massive mob action, threatened and perpetrated acts of violence, routine acts of vandalism and broad scale breaches of the peace. Neither Mr. Van Blaricom not any other expert is qualified to psychoanalyze the command decisions of the officers on the line of fire, or to opine for the jury how they should view those decisions in hindsight.

Defendants' Motion in Limine [Dkt. #59] is **GRANTED** and the testimony of D. P. Van Blaricom will be excluded at trial.

Dated this 31st day of October, 2012.

Ronald B. Leighton
United States District Judge

[DKT. #59] - 4